UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY MURRELL,

        Petitioner,

v.                                       CASE NO. 2:07-CV-10331
                                       HONORABLE PATRICK J. DUGGAN

RAYMOND BOOKER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION
FOR A CERTIFICATE OF APPEALABILITY**

At a session of said Court, held in the U.S. District
Courthouse, City of Detroit, County of Wayne,
State of Michigan on December 23, 2008

PRESENT: HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court on Petitioner's motion for a certificate of appealability concerning the Court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates "that reasonable jurists would find

1

the district court's assessment of the constitutional claim debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

Petitioner asserted claims concerning the validity of his sentence, the effectiveness of trial counsel, and the denial of a continuance for the admission of DNA evidence in his petition. He seeks a certificate of appealability only on his sentencing claim. Having considered the matter, the Court concludes that reasonable jurists would not find the Court's denial of relief on the sentencing claim debatable or wrong. To the extent that Petitioner contests the scoring of his sentencing guidelines under state law, he fails to state a claim upon which federal habeas relief can be granted. *See, e.g., Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *see also Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990). Petitioner also cannot prevail on the constitutional challenge to his sentence as the federal courts within this Circuit and the Michigan Supreme Court have examined Michigan's indeterminate sentencing scheme and found no Sixth Amendment violation. *See, e.g., Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198 (6th Cir. Oct. 26, 2007) (unpublished); *Hill v. Sherry*, No. 07-CV-13978, 2008 WL 1902106, *3 (E.D. Mich.

April 30, 2008); *People v. Harper*, 479 Mich. 599, 613-14, 739 N.W.2d 523, 532-33 (2007), *cert. den.*, _ U.S. _, 128 S. Ct. 1444 (2008).  Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his sentencing claim. Accordingly, the Court **DENIES** his motion for a certificate of appealability.

    **IT IS SO ORDERED.**

                                         s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:

Paul J. Stablein
Raina Korbakis